DANIEL G. BOGDEN
United States Attorney
ELIZABETH OLSON WHITE
Appellate Chief and
Assistant United States Attorney
100 West Liberty, Suite 600
Reno, Nevada 89501
(775) 784-5438

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-cr-327-PMP-CWH |
| Plaintiff, | |
| v. | Government's Application for Order Deeming Attorney-Client Privilege Waived and for Revised Briefing Schedule |
| BO ARDEN ELLISON, | |
| Defendant. | |

The United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and ELIZABETH O. WHITE, Appellate Chief and Assistant United States Attorney, respectfully requests that this Court enter an order waiving the attorney-client privilege in 2:11-cr-327-PMP-CWH with regard to Krystallin D. Hernandez, Esq. and Paulo M. Armeni, Esq.

This order is sought for the following reasons:

1.      Defendant BO ARDEN ELLISON has filed a motion pursuant

to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody in the above-captioned case. *See* CR 138. The Court ordered the government to respond to Defendant's motion, and that response is currently due on February 17, 2014. CR 139.

2. Defendant's motion raises allegations, *inter alia*, that his first attorney, Ms. Hernandez, provided ineffective assistance by a) failing to communicate with him; b) failing to review discovery or investigate his case; and c) incorrectly advising him with respect to the charges against his and to the government's plea offer. He further alleges that his second attorney, Ms. Armeni, provided ineffective assistance by failing to object to "factual errors" in the PSR.

3. Access to information from Defendant's former counsel, Krystallin D. Hernandez, Esq. and Paulo M. Armeni, Esq., is necessary to appropriately respond to the allegations contained within Defendant's § 2255 motion.

4. The government requests this Court to issue an order wherein the attorney-client privilege in 2:11-cr-327-PMP-CWH is deemed waived for the purposes of this proceeding as to all contentions raised in Defendant's Motion, and all materials and information related thereto be ordered divulged to the government.

5.  The voluntary disclosure by Defendant of privileged attorney communications and his complaints regarding Ms. Hernandez and Ms. Armeni constitute waiver of the privilege as to all other such communications on the same subject. *Weil* v. *Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981); *Clady* v. *County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985), cert. denied, 475 U.S. 1109 (1986).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said, "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (citations omitted).

*United States* v. *Ortland*, 109 F.3d 539, 543 (9th Cir.), *cert. denied*, 522 U.S. 851, 118 S.Ct. 141 (1997).

WHEREFORE, based on the foregoing, it is respectfully requested that the attorney-client privilege in 2:11-cr-327-PMP-CWH be deemed waived as to those matters Defendant has put at issue in his motion to vacate, set aside or correct sentence. The government respectfully request that this Court order Ms. Hernandez and Ms. Armeni to provide the government with affidavits or declarations, as well as any relevant materials and information, addressing the

3

allegations and matters raised in Defendant's motion, within 30 days after the date of the Court's order; and that the government be granted an additional 30 days, after receiving Ms. Hernandez and Ms. Armeni's affidavits or declarations, to file its response to Defendant's 2255 motion.

\* \* \*

DATED this 24th day of January, 2014.

        DANIEL G. BOGDEN
        United States Attorney

*s/ Elizabeth O. White*
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney

## Certificate of Service

The undersigned certifies that the foregoing was served via first-class mail on the defendant, Gregory Wilson, and via cm-ecf filing on Krystallin D. Hernandez, Esq. and Paulo M. Armeni, Esq., on this the 24th day of January 2014:

Bo Arden Ellison
Reg # 46236-048
LaTuna FCI
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3000
ANTHONY, TX   88021

                                      *s/ Elizabeth O. White*
                                      ELIZABETH O. WHITE
                                      Appellate Chief and
                                      Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:11-cr-327-PMP-CWH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BO ARDEN ELLISON, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Based upon the pending application of the Government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:11-cr-327-PMP-CWH between the defendant and Krystallin D. Hernandez, Esq. and Paulo M. Armeni, Esq., shall be deemed waived for all purposes relating to Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. Former defense counsel Krystallin D. Hernandez, Esq. and Paulo M. Armeni, Esq. shall, within 30 days of this order, provide the government with affidavits or declarations concerning all information known by them relating to those matters put at issue in Defendant's motion. Further, Ms. Hernandez and Ms. Armeni may

communicate with government counsel and provide supporting documentation regarding all matters put at issue in Defendant's motion.

The government shall have an additional 30 days, after receiving Ms. Hernandez's and Ms. Armeni's affidavits or declarations, to file its response to Defendant's 2255 motion.

DATED this 24th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE